IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ALTUS R. KELLY, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 19-cv-989-NJR-RJD |
| STATE OF TENNESSEE, | |
| Defendant. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On September 10, 2019, Altus R. Kelly ("Kelly") filed a *pro se* complaint naming the "State of Tennessee" as a defendant (Doc. 2). Kelly has also filed a motion seeking leave to proceed *in forma pauperis* ("IFP") (Doc. 3) and a motion for recruitment of counsel (Doc. 4).

Section 1915 is meant to ensure that indigent litigants have meaningful access to the federal courts, and it applies to non-prisoner plaintiffs and prisoners alike. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Floyd v. United States Postal Serv.*, 105 F.3d 274, 275-77 (6th Cir. 1997) (overruled on other grounds) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed *in forma pauperis* under § 1915(a)."). Under Section 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In this case, Kelly is unemployed, and his sole source of income is

1

supplemental security income, most of which goes toward his monthly living expenses. Thus, the Court finds Kelly indigent for purposes of this motion.

The Court's inquiry does not end there, however, because Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed by a plaintiff seeking to proceed IFP. A court can dismiss a case if the court determines that the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion for IFP requires the undersigned District Judge to review the allegations of the complaint.

In reviewing the complaint filed by Kelly, the undersigned is cognizant of the imperative that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing those allegations in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The first duty of this Court is to determine whether subject matter jurisdiction exists. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case"); *see also McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the

existence of subject-matter jurisdiction is the court's first duty in every lawsuit."). Federal Rule of Civil Procedure 8(a)(1) requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." "A pleading that fails to contain the basis for subject-matter jurisdiction fails to state a claim for relief under Rule 8 and, consequently, cannot proceed under 28 U.S.C. § 1915(e)(2)(B)(ii)." *Hill v. Pfizer Corp.*, Civil No. 09-894-GPM, 2010 WL 624283, at *2 (S.D. Ill. Feb. 18, 2010).

Kelly filled out a form "Civil Complaint," in which he checks the box that he is bringing his claim "pursuant to the Federal Tort Claims Act, 28 U.S.C. § § 1346, 2671-2680, or other law." In the body of the Complaint, he alleges that he was found guilty in the State of Tennessee on "three class e felonies and was sentenced to two years on each charge," but the "court suspended the sentences and placed him on two years probation." (Doc. 2, p. 6). He alleges that he was paroled on November 1, 2019 (*Id.*). He complains that his attorney Brittany Flatt from the Rutherford County Public Defender's Office was "ineffective assistance of counsel" because "she advised [him] to plead guilty to forgery criminal simulation and theft." (*Id.*).

The Court presumes Kelly intended to bring this claim under the "other law" provision by checking this box of the form Complaint, however, Kelly has failed to cite the statute or "other law" in which he brings his claim. Thus, he has failed to comply with Rule 8 of the Federal Rules of Civil Procedure.

The Court notes that, to the extent Kelly seeks to challenge his state conviction or sentence, he may not do so via a civil suit for damages if a ruling in his favor would render the conviction or sentence invalid, unless and until the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state

tribunal, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Additionally, the Court does not feel it necessary or appropriate to construe Kelly's complaint as a petition pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2255, because it appears that venue is improper and he is challenging a state court conviction (Doc. 2, p. 6). *See Carter v. McCann*, No. 07-1222, 2008 WL 718395, at *1 (C.D. Ill. Mar. 14, 2008) ("It is generally thought that the proper venue for a habeas petition under § 2254 is in the district where the petitioner was convicted); *see also Davis v. United States*, 417 U.S. 333, 342-343 (1974) (Section 2255 permits a *federal* prisoner to assert a claim that his confinement is 'in violation of the Constitution or the laws of the United States.") (emphasis added).

Accordingly, because the Court finds that Kelly's allegations fail to state a claim for relief, the motion for leave to proceed *in forma pauperis* (Doc. 3) is **DENIED**, and this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B). The pending motion for recruitment of counsel (Doc. 4) is **DENIED as moot**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Out of an abundance of caution, the Court advises Kelly as follows. If Kelly wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Kelly chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(B). The deadline can be extended for a short time only if Kelly files a motion

showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C); *see also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Kelly wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001); *see also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th

Cir. 1977). Again, this deadline can be extended only on a written motion by Kelly showing excusable neglect or good cause.

If Kelly chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Kelly cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. P. 24(a)(1). The IFP motion must set forth the issues Kelly plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED:   December 16, 2019**

						**_____**
						**NANCY J. ROSENSTENGEL**
						**Chief U.S. District Judge**